UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-2155 SC |
| Plaintiff, | CR-87-0359 SC |
| v. | ORDER GRANTING REQUEST FOR CERTIFICATE OF APPEALABILITY |
| DENNIS CHAN LAI, | |
| Defendant. | |

In 1987 Defendant Dennis Chan Lai ("Defendant") was indicted by a federal grand jury in San Francisco in a 40-count indictment charging him with possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), conspiracy, in violation of 21 U.S.C. § 846, engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848, interstate travel in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3), and possession of illegal weapons, in violation of 26 U.S.C. § 5861(d) and (i). Case No. 87-0359 SC. Defendant was subsequently found guilty by a jury on 38 of the 40 counts and sentenced by this Court to life imprisonment, followed consecutively by a 20-year sentence and a 10-year sentence, along with several sentences to be served concurrently.

Defendant's most recent collateral attack on his sentence was a Motion to Vacate ("Motion") under 28 U.S.C. § 2255 ("§ 2255"),

filed on April 13, 2007. Docket No. 717. This Motion was denied. Docket No. 738 ("Jan. 5, 2009, Order"). Defendant now seeks to appeal the denial, and has sought a certificate of appealability ("COA") from this Court in order to do so. Docket No. 746. By this Order the Court GRANTS Defendant's request.

In order to appeal a final order under § 2255, an applicant must first obtain a COA. See 28 U.S.C. § 2253(c)(1)(B). This Court may grant a COA if the applicant "has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). The Supreme Court has characterized the showing required as "straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court dismisses the § 2255 motion on procedural grounds, the applicant need only prove that the procedural basis for rejection was debatable. Id. at 485.

A Defendant may freely submit only one § 2255 motion. Under § 2255(h), an applicant may submit a "second or successive" motion only if he receives certification from a panel of the appropriate court of appeals (here, the Ninth Circuit). See 28 U.S.C. § 2255(h). Before Defendant filed his Motion, the Ninth Circuit had previously construed one of his earlier Rule 35 motions as a § 2255 motion. See Jan. 5, 2009, Order at 6; see also United States v. Lai, 1996 WL 468598, at *1 (9th Cir. Aug. 16, 1996). Defendant had argued, in support of his Motion, that this Court was nevertheless precluded from finding his Motion to be a "second

-2-

or successive motion." He cited <u>Castro v. United States</u>, 540 U.S. 375 (2003), which stated that if a court reconstrues a motion as a § 2255 motion, then it must warn the defendant of the consequences (i.e., that later filings may be barred by § 2255(h)), and give the defendant an opportunity to amend or withdraw the motion. When the Ninth Circuit recharacterized Defendant's earlier Rule 35 motion, several years before <u>Castro</u>, it did not give Defendant any such warning. This Court rejected Defendant's arguments, and characterized Defendant's Motion as a "second or successive" motion under § 2255(h). Jan. 5, 2009, Order at 5. Because Defendant had not received Ninth Circuit certification, this Court denied the Motion. <u>Id.</u>

    This Court finds that a reasonable jurist could disagree that Defendant's Motion must now be characterized as a "second or successive" § 2255 motion. The Court therefore GRANTS Defendant's request for a COA.

IT IS SO ORDERED.

Dated: June 22, 2009

_____
UNITED STATES DISTRICT JUDGE

-3-