**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7               FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9  UNITED STATES OF AMERICA,        )  Case No. 87-cr-000359-SC
                                    )
10          Plaintiff,              )  ORDER DENYING DEFENDANT'S
                                    )  MOTION FOR MODIFICATION OF
11     v.                           )  SENTENCE
                                    )
12                                  )
   DENNIS CHAN LAI,                 )
13                                  )
            Defendant.              )
14                                  )
                                    )
15                                  )
                                    )
16                                  )
   _____)
17

18      Now before the Court is Defendant Dennis Chan Lai's motion for

19  modification of sentence pursuant to 18 U.S.C. 3582(c)(2).  ECF No.

20  778 ("Mot.").  The motion is fully briefed.[1]  For the reasons set

21  forth below, Mr. Lai's motion is DENIED.

22

23  **I.  BACKGROUND**

24      Mr. Lai was indicted by a federal grand jury on charges of

25  possession with intent to distribute a controlled substance,

26  conspiracy, engaging in a criminal enterprise, interstate travel in

27  ─────────────────────
   [1] ECF No. 785 ("Opp'n); 786 ("Reply"); 781 ("Sentence Reduction
28  Investigation Report").

**United States District Court**
For the Northern District of California

aid of racketeering, and possession of illegal weapons.  Mr. Lai
was convicted by a jury on 38 of the 40 counts on which he was
indicted.  The Court sentenced him to life imprisonment, followed
consecutively by a 20-year sentence and a 10-year sentence, along
with several sentences to be served concurrently.  ECF No. 738
("2009 Order") at 1-2.

Mr. Lai appealed his conviction.  After remand for an
evidentiary hearing, the Ninth Circuit affirmed Mr. Lai's
conviction in its entirety.  On September 18, 1995, Mr. Lai filed a
motion to correct his sentence pursuant to Federal Rule of Criminal
Procedure 35(a).  ECF No. 619.  The Court denied his motion.  Mr.
Lai appealed, and the Ninth Circuit (in an unpublished order)
construed his motion as one under 28 U.S.C. Section 2255(a) and
denied it.  Docket No. 623 ("Lai Appeal"); United States v. Chan
Lai, No. 95-10457, 1996 WL 468598, at *1 (9th Cir. 1996)
(unpublished).

While his appeal to the Ninth Circuit was pending, Mr. Lai
filed a motion to correct his sentence pursuant to 28 U.S.C.
Section 2255.  The Court denied that motion as well.  On April 28,
1997, Mr. Lai filed another Section 2255 motion.  The Court denied
that motion on June 24, 1997, finding that Mr. Lai had failed to
obtain an order from the Ninth Circuit permitting him to file a
successive Section 2255 motion and stating that the motion merely
raised the same arguments as the previous Section 2255 motion.  On
November 25, 1997, Mr. Lai filed another Rule 35 motion to correct
his sentence, which the Court also denied.  2009 Order at 2-3.

Between 1997 and 2007, Mr. Lai sought authorization from the
Ninth Circuit to file successive Section 2255 motions four times.

**United States District Court**
For the Northern District of California

All four were denied.  2009 Order at 4.  On April 13, 2007, Mr. Lai filed a motion to vacate his sentence, alleging that he was prejudiced by the characterization of his original Rule 35 motion as a Section 2255 claim; his sentence was illegal under Fiore v. White; prosecutorial misconduct; impermissible use of race as a criterion in jury selection; Fourth Amendment search and seizure violations; and ineffective assistance of counsel.  The Court denied that motion, finding that Mr. Lai had failed to seek the required certification from the Ninth Circuit for a successive Section 2255 motion.  2009 Order at 5-8.  Mr. Lai appealed the order, but also sought an extension of time to file a motion for reconsideration.  The Ninth Circuit affirmed the Court's denial of Mr. Lai's motion, United States v. Lai, 404 F. App'x 181, 182 (9th Cir. 2010), and this Court denied the extension of time.  ECF No. 740.  Mr. Lai nonetheless filed a motion for reconsideration, which the Court also denied.  ECF No. 743.

On October 6, 2011, Mr. Lai filed a motion for a reduction of his sentence, which the Court construed as a motion seeking reduction of his sentence pursuant to Amendment 750 to the Federal Sentencing Guidelines.  The Court denied the motion because Amendment 750 applied to crimes involving crack cocaine, but Mr. Lai was convicted for crimes related to powder cocaine. Additionally, Mr. Lai was not sentenced under the Sentencing Guidelines, so the Amendment did not apply to his sentence.  ECF No. 761, at 1-2.

In 2012, Mr. Lai brought a petition in the Eastern District of California for a writ of habeas corpus pursuant to 28 U.S.C. Section 2241.  Judge Michael Seng in the Eastern District found

that Mr. Lai brought many of the same arguments he had used in his

previous challenges to his conviction and sentence in this Court

and the Ninth Circuit.   Judge Seng found that:

> Petitioner   is   challenging   the   validity   and
> constitutionality of his federal sentence imposed by a
> federal court, not an error in the administration of his
> sentence. Therefore, the appropriate procedure would be
> to file a motion pursuant to § 2255 in the sentencing
> court, not a habeas petition pursuant to § 2241 in this
> Court.

Lai v. Rios, No. 1:12-CV-00513 MJS, 2012 WL 4092411 at *2 (E.D.

Cal. Sept. 17, 2012) reconsideration denied, 1:12-CV-00513 MJS HC,

2013 WL 1326629 (E.D. Cal. Mar. 29, 2013).

On May 13, 2014, Mr. Lai again sought authorization from the

Ninth Circuit to file a successive Section 2255 motion.   The Ninth

Circuit denied the authorization.   Lai v. United States, No. 14-

71376 (9th Cir. July 3, 2014).

On May 29, 2014, Mr. Lai filed a new motion, styled as a

"Motion Nunc Pro Tunc."   The Court found that Mr. Lai's motion was

actually a Section 2255 motion because it challenged his sentence

and conviction as a violation of the Constitution and laws of the

United States.   ECF No. 775 at 5-6.   The Court denied the motion

because Mr. Lai "must have approval from the Ninth Circuit to file

a second or successive motion [under Section 2255]."   Id. at 6.

Defendant subsequently filed a petition with the Ninth Circuit

styled as a "petition for the combined writs of mandamus,

prohibition, audita qu[e]rela, and for bail -- without surety -- on

the petitioner's own recognizance, without surety."   Because the

substance of Defendant's petition challenged his conviction and

sentence, the Ninth Circuit construed it as an application for

**United States District Court**
For the Northern District of California

1  authorization to file a second or successive Section 2255 motion.

2  The Ninth Circuit denied Defendant's petition because he failed to

3  make a prima facie showing of newly discovered evidence or a new

4  rule of constitutional law.  ECF No. 783 at 2.

5      Mr. Lai filed the instant motion on October 1, 2014.  The

6  motion is styled as a motion for modification of sentence pursuant

7  to 18 U.S.C. § 3582(c)(2) and USSG §1B1.10 of the U.S. Sentencing

8  Commission Guidelines based on Amendment 782.

9

10  **II.  <u>DISCUSSION</u>**

11      18 U.S.C. § 3582(c)(2) provides that

12      in the case of a defendant who has been sentenced to a
        term of imprisonment based on a sentence range that has
13      subsequently been lowered by the sentencing commission
        pursuant to 28 USC 994(o), upon motion of the defendant
14      or the Director of the Bureau of Prisons, or on its own
        motion, the court, may reduce the term of imprisonment
15      after considering the factors set forth in section
        3553(a) to the extent that they are applicable if such a
16      reduction is consistent with applicable policy statements
        issued by the Sentencing Commission.

17

18  Section 1B1.10 of the Federal Sentencing Guidelines Manual states

19  that "[i]n determining whether a reduction in sentence is warranted

20  for a defendant eligible for consideration under 18 U.S.C. §

21  3582(c)(2), the court should consider the sentence that it would

22  have originally imposed had the guidelines, as amended been in

23  effect at that time."  In Amendment 782 to the United States

24  Sentencing Guidelines, the Sentencing Commission lowered the

25  penalties for most drug offenses by reducing most offense levels on

26  the § 2D1.1 Drug Quantity Table by 2 levels.  In Amendment 788, the

27  Commission decreed that Amendment 782 may be applied retroactively

28  to lower the sentences of previously sentenced inmates.

**United States District Court**
For the Northern District of California

In <u>Dillon v. United States</u>, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment.  The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."
>
> . . .
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

<u>Id.</u> at 827.

As the Court held in Lai's previous motion under Section 3582, "because Lai's crimes occurred entirely before the 1987 effective date of the Sentencing Guidelines, Lai was not sentenced under the Guidelines." ECF No. 761.  Amendment 782 therefore does not apply to Lai's sentence.

///

///

///

///

///

///

United States District Court
For the Northern District of California

**III.** **CONCLUSION**

For the forgoing reasons, Defendant's motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2) is DENIED.

IT IS SO ORDERED.

Dated: October 21, 2015



_____

UNITED STATES DISTRICT JUDGE

7